[Civ. No. 5040.   Second Appellate District, Division Two.—March 9, 1928.]

WILLIAM M. BURGE, Respondent, v. J. P. DETWEILER et al., Defendants, L. L. WILLS et al., Appellants.

Spicer, Meacham & Mason for Appellants.

Charles D. Swanner and Roland Thompson for Respondent.

STEPHENS, J., *pro tem.*—A number of men working on an oil development were not paid their wages, and assigned their claims to plaintiff, who brought suit alleging that the labor was performed at defendants' special instance and request. The action was dismissed as to all defendants except L. L. Wills, Beulah M. Wills, and Orange Dome Petroleum Corporation, and judgment was ordered as prayed for against these three defendants, but was entered as against L. L. Wills and Beulah M. Wills only. At the conclusion of the testimony on behalf of plaintiff a motion for nonsuit was made upon the ground that there was no evidence that either of the last-named defendants had employed plaintiff's assignors or any of them.

We have carefully read the transcript (the appeal having been taken under the alternative method) and are unable to find any testimony supporting plaintiff's allegation that the men were employed by or for the defendants Wills. Some of the men, if not all of them, worked a few days after L. L. Wills had suggested that they continue working, that their wages would be paid, that he was selling or trying to sell the lease and that if he did the money would be forthcoming with which to pay them. Possibly this would be a sufficient basis upon which to deny a nonsuit as-to L. L. Wills, but there is no evidence connecting Beulah M. Wills with the transaction, except that she was the wife of the lessee in a lease covering the ground upon which the well was being drilled. This, however, did not connect her with the hiring in any way, and the present action is not one to foreclose a lien. The nonsuit should therefore have been granted as to her. There being no evidence whatever to connect L. L. Wills with the hiring or promising to pay, except that already referred to and that he was the lessee of the property mentioned, we are unable to find any evidence upon which a judgment could be premised other than that of work done after the conversation related, and as to that we are not herein deciding. The judgment, therefore, is unsupported and must be reversed.

Judgment reversed.

Craig, Acting P. J., and Thompson, J., concurred.